UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH PECK, | : | |
|     PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:04-cv-1139 (JCH) |
| AETNA LIFE INSURANCE | : | |
| COMPANY, | : | June 1, 2007 |
|     DEFENDANT. | : | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION FOR PLAINTIFF'S SEVENTH AMENDMENT RIGHT TO A JURY TRIAL (Doc. No. 120)**

Plaintiff Elizabeth Peck has brought this action pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, alleging that defendant Aetna Life Insurance Company ("Aetna") wrongfully denied her long-term disability benefits. Peck now brings this Motion for Reconsideration of the court's Ruling striking Peck's jury demand. For the following reasons, Peck's motion is denied.

**I.   STANDARD**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the

court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

## II.  DISCUSSION

In its original Ruling on Peck's jury demand, the court rejected Peck's argument that the Supreme Court's decision in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002) altered the well-established rule in the Second Circuit that "there is no right to a jury trial in a suit brought to recover ERISA benefits." Peck v. Aetna Life Ins. Co., 2005 WL 1683491 at * 4 (D.Conn. July 19, 2005) (citing Sullivan v. LTV Aerospace & Def. Co., 82 F.3d 1251, 1258 (2d Cir. 1996) and DeFelice v. Am. Int'l Life Assurance Co. of New York, 112 F.3d 61, 64 (2d Cir. 1997). In her motion for reconsideration, Peck now claims that the Second Circuit's decision in Pereia v. Farace, 413 F.3d 330 (2d Cir. 2005), entitles her to a jury trial. See Pereia, 413 F.3d at 337.

Peck's argument is without merit. As the court stated in its first Ruling on Peck's right to a jury trial, "the court will follow the binding Second Circuit precedent found in Sullivan and DeFelice until the Second Circuit instructs otherwise." Peck 2005 WL 1683491 at * 4. Sullivan specifically addressed the right to a jury trial for suits, like Peck's, brought to recover ERISA benefits under section 502(a)(1)(B). Sullivan 82 F.3d at 1258-59. Pereia, however, dealt only with whether a plaintiff seeking compensatory damages for breach of fiduciary duty has a right to a jury trial. Pereia 413 F.3d at 337. The court finds that Sullivan, not Pereia, is binding Second Circuit precedent in this

case. Therefore, Peck's Motion for Reconsideration (Doc. No. 120) is DENIED.

## III. CONCLUSION

For the foregoing reasons, Peck's Motion for Reconsideration (Doc. No. 120) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 1st day of June, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge